UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\-------------------------------------------------------

JSMN SHENANGO VALLEY MALL LLC,

        Plaintiff,

v.

PARADIGM CREDIT CORPORATION,
DAVID KUSHNER, IOWA SQUARE
REALTY LLC, NAMDAR REALTY GROUP,
and IGAL NAMDAR

        Defendants.

\-------------------------------------------------------

Civil Action No 17-CV-9994 (KBF)

ANSWER TO FIRST AMENDED COMPLAINT

      Defendants, PARADIGM CREDIT CORPORATION and DAVID KUSHNER appear here in and as and for the answer to the complaint here in alleges by Clair & Gjertsen, Esqs. upon information and belief as follows:

      1.    Defendants are without sufficient knowledge or information so as to be able to form a belief as to each and every allegation set forth in paragraphs 1, 4, 5, 6, 7, 8, 9, 15, 16, 17, 18, 19, 20, 23, 26, 28, 29, 30, 31, 32, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 56, 67, 74, 75 of the first amended complaint.

      2.    Defendants deny each and every allegation set forth in paragraphs 11, 12, 13, 14, 21, 22, 24, 25 of the first amended complaint except as to the documents referred to therein and appended to the complaint to the extent that same may be true and complete copies of the originals purportedly reproduced.

1

3. Defendants deny each and every allegation set forth in paragraphs 27, 33, 34, 35, 36, 52, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 68, 69, 71, 72, 73, 76, 77 of the first amended complaint.

4. Defendants deny sufficient knowledge or information so as to be able to draw a legal conclusion that that it is a citizen of New York.

5. The allegation set forth in paragraphs 51, 66, and 70 of the complaint are not allegations of fact and are therefore not responded to.

## FIRST AFFIRMATIVE DEFENSE

6. Plaintiff alleges a cause of action in tortious interference with prospective economic advantage.

7. Plaintiff alleges that all of the actions constituting the tort alleged took place on or before November 12, 2014.

8. The statute of limitations applicable to the commencement of an action alleging said tort is three years (NYCPLR 214).

9. The instant action was commenced more than three years after the aforesaid actions constituting the alleged tort.

10. Solely on account of the foregoing, the instant action is time-barred.

## SECOND AFFIRMATIVE DEFENSE

11. A cause of action alleging tortious interference with prospective economic advantage or prospective contract rights must include culpable conduct on the part of the defendant that is equivalent to criminal conduct.

12. Plaintiff fails to allege that any such conduct took part on the part of defendant.

13. Solely as a result of the foregoing, plaintiff fails to allege a cause of action in tortious interference with prospective economic advantage or prospective contract rights.

14. The facts alleged do not imply a cause of action in tortious interference with contract or any other cause of action.

15. Solely as a result of the foregoing, plaintiff fails to allege any cognizable cause of action against defendants here in.

### **THIRD AFFIRMATIVE DEFENSE**

16. Plaintiff fails to allege a cognizable cause of action for breach of contract and fraud and conspiracy.

17. Solely as a result of the foregoing, this action must be dismissed.

WHEREFORE, Defendant demands judgment dismissing the complaint together with costs and disbursements and all other appropriate relief all as provided by law.

July 16, 2018

/s/ *Ira S. Clair*
_____
Ira S. Clair, Esq.
Clair & Gjertsen, Esqs.
*Attorneys for Defendants Paradigm and Kushner*
4 New King St., Suite 140
White Plains New York, 10604
914-472-6202
IC@clairgjertsen.com